IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gary Steven Scott, | ) | Case No.: 2:21-cv-03142-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Lieutenant Woods, Harvey Hall, Lieutenant Housey, Lieutenant Brewton, Mrs. Francis | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Gary Steven Scott ("Scott" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (DE 1.)

The Plaintiff's Complaint was filed on September 27, 2021, alleging defendants Lieutenant Woods, Harvey Hall, Lieutenant Housey, Lieutenant Brewton, Mrs. Francis (collectively "Defendants") violated his First, Eighth, and Fourteenth Amendment rights. (DE 1, p. 4.) The Court issued an Order on October 6, 2021, informing Plaintiff that his case was not in proper form. (DE 6.) Plaintiff provided documents to bring his case into proper form (DE 9) and subsequently filed a Motion for Emergency Injunction/Temporary Restraining Order ("TRO Motion"). (DE 11.) The Report recommends that Plaintiff's TRO Motion be denied because Plaintiff failed to

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

meet the standard for issuance of a preliminary injunction or TRO in this matter because he did not show that he is likely to succeed on the merits of his claims or that he is likely to be irreparably harmed absent injunctive relief. (DE 13.)

Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates them herein by reference.

It is, therefore, **ORDERED** that Plaintiff's Motion for Emergency Injunction/TRO (DE 11) is denied.

**IT IS SO ORDERED.**

s/Joseph Dawson, III
Joseph Dawson, III
United States District Judge

February 2, 2022
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.