IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gary Steven Scott, | ) | Case No.: 6:21-cv-03142-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Lieutenant Woods, Harvey Hall, Lieutenant Housey, Lieutenant Brewton, Mrs. Francis | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Gary Steven Scott ("Scott" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights. (DE 1.) The Plaintiff's Complaint was filed on September 27, 2021, alleging defendants Lieutenant Woods, Harvey Hall, Lieutenant Housey, Lieutenant Brewton and Mrs. Francis (collectively "Defendants") among other things did not have overhead lighting or electrical outlets in his cell which allegedly caused him increased anxiety, depression, mood swings and worsened vision. (DE 32, pp. 2-3.)

The Court issued an Order on November 12, 2021, informing the Plaintiff that his complaint was subject to dismissal as drafted and providing him with time to file an amended

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

complaint to correct the deficiencies noted in the Order. (DE 15.) The Plaintiff was further informed that if he failed to file an amended complaint or cure the deficiencies outlined in the Order, his claims would be dismissed. (DE 15, p. 7.) On December 20, 2021, almost a month after the deadline passed, the Plaintiff's amended complaint was entered on the docket. (DE 23.)

The Report summarizes Plaintiff's Amended Complaint as follows: Plaintiff alleges that on April 23, 2021, Lt. Woods asked him for his bottom bunk pass, but he indicated that the pass was kept in medical (DE 23, at 6, 7). After responding to Lt. Woods, Plaintiff went back to his phone call with his fiancé (Id. at 7, 12). Lt. Woods then entered Plaintiff's cell and told him that he was moving to a different cell (Id. at 7). The cell to which Lt. Woods took Plaintiff did not have electrical outlets or overhead lighting. Id. Plaintiff told Lt. Woods that the cell was not "serviceable," but she did not change his cell placement. Id. On April 24, 2021, Plaintiff informed Lt. Brewton that his cell did not have overhead lighting or electrical outlets. Id. at 8. Lt. Brewton indicated that a work order had been sent to maintenance and Lt. Brewton would not submit an additional work order. Id. After Plaintiff "won" a grievance regarding his cell not having overhead lights or working electrical outlets, he alleges that Lt. Housey violated his rights by placing the plaintiff in another cell without overhead lights or electrical outlets. Id. at 8–9. Plaintiff contends that the cell did not accommodate his serious medical need of urine dripping in his undergarment, which affected his religion as a Muslim. Id. at 9. Plaintiff further contends that he requested a cell that accommodated his serious medical need so he could complete legal work, but Lt. Housey told him that his cell placement would not be changed and he told Plaintiff to enter the cell. Id.

Plaintiff claims that during the second week of August 2021 he informed Mrs. Francis that he was being held in an "unserviceable" cell, but Mrs. Francis told him that she did not deal with maintenance requests. Id. at 10. Next, Plaintiff claims that he requested that Mr. Hall fix the

2

overhead light and wall socket in two of his "unserviceable" cells, but Mr. Hall indicated the first time that he had already fixed the light and he would not be fixing it again and the second time indicated that he could not stop what he was doing to fix Plaintiff's light. Id. at 10–11.

Since Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, the District Court is authorized to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Hence, on January 11, 2022, the Magistrate Judge issued the Report based on a review of the amended pleadings. The Report recommends that this action be dismissed with prejudice because Plaintiff failed to cure the deficiencies identified in the November 12, 2021, Order. (DE 32.) Scott objects to the Report contending that his factual alleges regarding deprivation of adequate lighting is sufficient to state an Eighth Amendment Violation. (DE 34, p. 2.)

Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In

3

the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

In evaluating a pro se plaintiff's complaint, the Court is charged with liberally construing the factual allegations of the complaint in order to allow potentially meritorious claims to go forward. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Upon review of Scott's Complaint, this Court finds that he is entitled to issuance of process of his claims for Eighth Amendment violations regarding the lack and/or adequacy of electricity and lighting in his cell for more than 100 days. While the Court notes that the Fourth Circuit has not specifically held that a lack of adequate lighting can amount to an Eighth Amendment violation, other courts have considered whether similar lighting complaints are sufficient to survive 28 U.S.C. § 1915(e)(2)(B) scrutiny. See James v. Cohen, Civil Action No. 1:17-01256-TMC, 2017 U.S. Dist. LEXIS 163280, at *7 (D.S.C. Oct. 3, 2017); see also Powell v. Washington, 720 F. App'x 220, 228 (6th Cir. 2017) ("[T]he alleged deprivation of adequate lighting in Powell's cell for thirty five days is sufficiently extreme to state an Eighth Amendment claim."); Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985) ("Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment."); Ramos v. Lamm, 639 F.2d 559, (10th Cir. 1980) ("[A] state must provide within such living space reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (i.e. hot and cold water, light, heat, plumbing.")). Accordingly, Plaintiff's claim regarding inadequate lighting in his cell could raise a potential Eighth Amendment violation.[2]

---

[2] The Court expresses no opinion regarding whether an actual Eighth Amendment violation has occurred. Rather, the Court finds that Plaintiff has stated a plausible claim on which relief may be granted based on the facts in his Amended Complaint.

4

Therefore, upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation as modified herein and incorporates it by reference herein.

It is, therefore, **ORDERED** that Plaintiff's claims not concerning electricity are dismissed with prejudice and will not be served on the Defendants. However, this court considers the Plaintiff's claims as to the inadequate electricity and lighting to be potentially meritorious, and therefore, those claims are to be issued process and served on Defendants.

**IT IS SO ORDERED.**

s/Joseph Dawson, III  
Joseph Dawson, III  
United States District Judge

April 21, 2022  
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.