IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Gary Steven Scott, ) | Case No.: 6:21-cv-03142-JD-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Lieutenant Woods, Harvey Hall, Lieutenant ) | |
| House, Lieutenant Brewton, Mrs. Francis, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1]  (DE 60.)  Plaintiff Gary Steven Scott ("Plaintiff" or "Scott") brought this action *pro se* and *in forma pauperis* against Defendants Lieutenant Woods, Harvey Hall, Lieutenant House, Lieutenant Brewton, and Mrs. Francis, (collectively "Defendants"), alleging Eighth Amendment civil rights violations of cruel and unusual punishment and deliberate indifference to basic human needs.  (DE 23, p. 6.)  On June 6, 2022, Defendants filed a Motion to Dismiss, arguing (1) that Plaintiff's *in forma pauperis* status should be revoked based upon the three strikes provision in 28 U.S.C. § 1915(g), and (2) Plaintiff's amended complaint should be dismissed based upon qualified immunity.  (DE 52.)  On June 16, 2022, Plaintiff filed a response.  (DE 56.)  On June 29, 2022, the magistrate judge issued the Report, recommending that Defendants' motion be granted in part.

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

(DE 60.)  The Report recommends "[d]efendants' motion to dismiss be granted to the extent it seeks to vacate the plaintiff's *in forma pauperis* status because the plaintiff has accumulated three strikes under § 1915(g)."[2]  (DE 60, p. 8.)

On July 21, 2022, Plaintiff filed an objection to the Report.  (DE 68.)  Plaintiff makes numerous objections claiming the magistrate judge failed to address whether he adequately stated a claim for relief.  (Id.)  However, to be actionable, objections to a report and recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object."  Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court *is not required to give any explanation* for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds Plaintiff's objections regarding whether he adequately stated a claim for relief are non-specific or unrelated to the dispositive and/or at the heart of disputed portions of the Report because the Report granted Plaintiff's motion solely based on the three

---

[2]    The "three strikes" rule of the Prisoner Litigation Reform Act provides: "[i]n **no event shall** a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (emphasis added).

strikes provision of 28 U.S.C. 1915(g).  (See DE 60, p. 8.)  Plaintiff also objects to the Report, claiming he has only one formal strike.  (DE 68, p. 4, ¶ 4.)  However, the Report comprehensively and accurately addresses the issue and establishes that Plaintiff has three strikes pursuant to 28 U.S.C. 1915(g).[3]  (DE 60, pp. 6-8.)  Therefore, Plaintiff's objection is overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 60) and incorporates it by reference.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss (DE 52) is granted in part, and Plaintiff's *in forma pauperis* status is vacated.  Plaintiff will be provided twenty-one (21) days to pay the full filing fee or the case will be dismissed.  The remainder of Defendant's motion is denied with leave to refile should Plaintiff pay the filing fee.  Furthermore, the magistrate judge order issued on November 12, 2021, granting Plaintiff's Motion to Proceed *in forma pauperis* (DE 16) is vacated, and Plaintiff's Motion to Proceed *in forma pauperis* (DE 8) is denied.

**IT IS SO ORDERED**.

> s/Joseph Dawson, III
> Joseph Dawson, III
> United States District Judge

Florence, South Carolina
November 18, 2022

---

[3] The magistrate judge identified the following previous actions by the Plaintiff that count as "strikes" under 28 U.S.C. 1915(g): Scott v. Stirling, et al., C/A No. 6:20-cv-03343-RMG, 2020 WL 7711350 (D.S.C. Dec. 29, 2020) (dismissed for failure to state a claim); Scott v. S.C. Dep't of Corrs. et al., C/A No. 6:14-cv-04175-RMG (D.S.C. Jan. 16, 2015) (dismissed for failure to state a claim); Scott v. Condon, et al., C/A No. 4:01-cv-02901-CWH, at DE 6 (D.S.C. Oct. 28, 2003) (dismissed as frivolous and specifically designated a "strike").  (DE 60, p. 6.)